**LDD** IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL A. AYALA-TALBOT, a minor, by his mother and natural guardian, LOURDES TALBOT<br>4156 Orchard Street<br>Philadelphia, PA 19124<br><br>and<br><br>LOURDES TALBOT, in her own right,<br>4156 Orchard Street<br>Philadelphia, PA 19124<br><br>PLAINTIFFS<br><br>vs.<br><br>CITY OF PHILADELPHIA<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br><br>and<br><br>SCHOOL DISTRICT OF PHILADELPHIA<br>440 North Broad Street<br>Philadelphia, PA 19130<br><br>and<br><br>PAUL VALLAS, Individually and in his capacity As Superintendent of the Philadelphia School District<br>440 North Broad Street<br>Philadelphia, PA 19130<br><br>and<br><br>ARLENE C. ACKERMAN, Individually and in her capacity as Superintendent of the Philadelphia School District<br>440 North Broad Street<br>Philadelphia, PA 19130 | CIVIL ACTION<br><br>NO. **08 5588** |



FILED
DEC - 1 2008
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk



and

DARLENE F. VAUGHN, Individually and in her capacity as Principal of the Allen M. Stearne Elementary School
Philadelphia, PA  19130

and

ELISSA SEIGEL, Individually and in her capacity as Assistant Principal of the Allen M. Stearne Elementary School
Philadelphia, PA  19130

And

Ms. Earl, Individually and in her capacity as Special Education Teacher at the Allen M. Stearne Elementary School
Philadelphia, PA  19130

and

DAVAHNE DAVIS
4221 Salem Street
Apartment 2
Philadelphia, PA  19124

and

MARCUS JACKSON
2067 Wilmot Street
Philadelphia, PA  19124

DEFENDANTS

## CIVIL ACTION COMPLAINT

This action is brought by Michael Ayala-Talbot, by his parent and natural guardian, Lourdes Talbot and by Lourdes Talbot in her own right, against the Defendants, City of Philadelphia, School District of Philadelphia, Paul Vallas, Arlene C. Ackerman, Darlene F. Vaughn, and Elissa Seigel, for negligent, intentional, reckless, willful, wanton,

and malicious acts under color of law which deprived plaintiff of his civil rights, freedom and liberty as secured by the Fifth and Fourteenth Amendments to the United States Constitution; by Title 42 United States Code, Sections 1983 and 1988; by the Individuals With Disabilities Education Act (IDEA), 20 U.S.C. Sections 1400, et seq.; by Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794; by the Americans With Disabilities Act (ADA), 42 U.S.C. Sections 12131-12165 (1994); and other federal and state statutes and causes of action.

A jury trial is requested.

**A.   JURISDICTION AND VENUE**

This action arises under the Constitution of The United States, particularly, the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States, and under the laws of the United States, particularly the Civil Rights Act, Title 42 of the U.S.C. Sections 1983 and 1988; and other federal and state statutes. This Court has pendent jurisdiction over plaintiffs' state law claims.

The jurisdiction and venue of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1291, 1331, 1341, 1343, 1441 and 1443.

**B.   PARTIES**

1.   Plaintiff, Michael A. Ayala-Talbot, is a minor individual who at all relevant times hereto resided at the above-captioned address.

2.   Plaintiff, Lourdes Talbot, is an adult individual who at all relevant times hereto resided at the above-captioned address.

3.   Defendant, City of Philadelphia, at all relevant and material times hereto was

a political subdivision and municipal corporation duly existing and organized under the laws of the Commonwealth of Pennsylvania, receiving federal and/or state funding, and conducting business at the above-captioned address.

4. Defendant, School District of Philadelphia, at all relevant and material times hereto was a political subdivision and municipal corporation and/or a local educational agency duly existing and organized under the laws of the Commonwealth of Pennsylvania, receiving federal and/or state funding and conducting business at the above-captioned address.

5. Defendant, Paul Vallas, at all relevant and material times hereto was the Superintendent of Defendant, School District of Philadelphia, and acted individually and in his official capacity as an agent, servant, and employee of Defendants, City of Philadelphia and School District of Philadelphia, and as a supervisor of Defendants, Darlene F. Vaughn and Elissa Seigel, with a last known business address at the above-captioned address.

6. Defendant, Arlene C. Ackerman, at all relevant and material times hereto is the Superintendent of the School District of Philadelphia and, as such, is the successor to Defendant, Paul M. Vallas, and has acted individually and in her official capacity as an agent, servant, and employee of Defendants, City of Philadelphia and School District of Philadelphia, with a principal business address at the above-captioned address.

7. Defendant, Arlene C. Ackerman, is deemed to be at all times relevant and material hereto a supervisor of Defendants, Darlene F. Vaughn and Elissa Seigel.

8. Defendant, Darlene F. Vaughn, all relevant and material times hereto, was the principal of the Allan M. Stearne Elementary School and acted individually and in her

official capacity as the agent, servant, and employee of Defendants, City of Philadelphia and the School District of Philadelphia, with a principal business address at the above-captioned address.

9. Defendant, Elissa Seigel, at all relevant and material times hereto, was the assistant principal of the Allan M. Stearne Elementary School and acted individually and in her capacity as the agent, servant, and employee of defendants, City of Philadelphia and the School District of Philadelphia, with a principal business address at the above-captioned address.

10. Defendant, Ms. Earl, at all relevant and material times hereto, was the special education teacher at the Allan M. Stearne Elementary School and acted individually and in her capacity as the agent, servant, and employee of defendants, City of Philadelphia and the School District of Philadelphia, with a principal business address at the above-captioned address.

11. Defendant, Davahne Davis, is a minor individual with a residence at the above-captioned address.

12. Defendant, Marcus Jackson, is a minor individual with a residence at the above-captioned address.

13. At all relevant and material times hereto, all defendants, City of Philadelphia and School District of Philadelphia, were acting by and through their agents, servants, workers, and/or employees.

14. All of the acts alleged to have been done or not to have been done by defendants, City of Philadelphia, School District of Philadelphia, Paul Vallas, Arlene C. Ackerman, Darlene F. Vaughn, Elissa Seigel, and Ms. Earl, were done or not done by said

defendants, their agents, servants, workers and/or employees, all of whom were acting within the course and scope of their authority and/or employment with and on behalf of said defendants and under color of law.

## C. FACTS GIVING RISE TO THE CAUSES OF ACTION

15. Plaintiff, Michael A. Ayala-Talbot, is a special needs student diagnosed with Attention Deficit Hyperactivity Disorder (ADHD).

16. In September of 2006, plaintiff, Michael A. Ayala-Talbot, then age nine (9) was enrolled as a student at the Allan M. Stearne Elementary School.

17. Upon enrollment at the Allan M. Stearne Elementary School, plaintiff, Michael A. Ayala-Talbot, was placed in this school's special education class, which was located in Room 106 of the school.

18. Also enrolled at the Allan M. Stearne Elementary School and placed in the special education class located in Room 106 of the school were Defendants, Davahne Davis, then age eleven (11), and Marcus Jackson, then age ten (10).

19. At all relevant and material times hereto, Plaintiff, Lourdes Talbot and her husband, Jose N. Rivera, lacked the financial resources to send plaintiff, Michael A. Ayala-Talbot, to a private school.

20. At all relevant and material times hereto, plaintiff, Lourdes Talbot and her husband, Jose N. Rivera, lacked the financial resources and the academic and other skills necessary to provide homes schooling to plaintiff, Michael A. Ayala-Talbot.

21. At all relevant and material times hereto, defendants, City of Philadelphia, School District of Philadelphia, Paul Vallas, Arlene C. Ackerman, Darlene F. Vaughn, Elissa

Seigel, and Ms. Earl, had custody of plaintiff, Michael A. Ayala-Talbot, during school hours.

22. At all relevant and material times hereto, defendants, City of Philadelphia, School District of Philadelphia, Paul Vallas, Arlene C. Ackerman, Darlene F. Vaughn, Elissa Seigel, and Ms. Earl, negligently, recklessly, willfully and/or wantonly placed plaintiff, Michael A. Ayala-Talbot, in a classroom setting where they knew or, in the exercise of reasonable care and reasonable professional judgment, out to have known that there was a substantial risk of serious bodily and emotional harm to plaintiff, Michael A. Ayala-Talbot.

23. Defendant, Ms. Earl, was the classroom teacher of the special education class at the Allan M. Stearne Elementary School but lacked the education, training, experience and/or skills to meet the special education needs of the students in this class and/or to keep order and prevent violence in this class.

24. Between the beginning of the school year in September 2006 and November 30, 2006, Davahne Davis and Marcus Jackson repeatedly assaulted, battered, and verbally harassed plaintiff, Michael A. Ayala-Talbot.

25. Upon information and belief, Defendants, City of Philadelphia, School District of Philadelphia, Paul Vallas, Arlene C. Ackerman, Darlene F. Vaughn, Elissa Seigel, and Ms. Earl, knew or, in the exercise of reasonable care, ought to have known, that Defendants, Davahne Davis and Marcus Jackson, possessed highly aggressive and violent propensities that created a substantial risk of serious bodily and emotional harm to younger and/or disabled students such as Plaintiff, Michael A. Ayala-Talbot.

26. The repeated assault, battery and harassment of Plaintiff, Michael A. Ayala-Talbot, by Davahne Davis and Marcus Jackson, was observed by Ms. Earl.

27. Plaintiff, Lourdes Talbot, repeatedly complained about the repeated assault, battery and harassment of plaintiff, Michael A. Ayala-Talbot, to Defendants, Darlene F. Vaughn, Elissa Seigel, and Ms. Earl.

28. On November 30, 2006, Plaintiff, Michael A. Ayala-Talbot, was assaulted and battered by Defendants, Davahne Davis and Marcus Jackson, which assault and battery resulted in serious injuries, including, but not limited to, facial contusions and post-traumatic cephalgia, and which, individually and/or in combination with prior incidents of assault and battery by said defendants, caused neurological damage and other injuries in and about plaintiff's person.

29. Subsequently, plaintiff, Michael A. Ayala-Talbot, was taken to the hospital and treated for his injuries.

30. Plaintiff, Michael A. Ayala-Talbot, currently is under the care of a neurologist for his injuries.

31. During the period of early September 2006 through November 30, 2006, and for some time prior thereto, defendants, City of Philadelphia, School District of Philadelphia, Paul Vallas, Arlene C. Ackerman, Darlene F. Vaughn, Elissa Seigel, and Ms. Earl, developed and maintained policies, practices and/or customs exhibiting deliberate indifference to the constitutional rights of special education children such as Plaintiff, Michael A. Ayala-Talbot, which caused the violation of plaintiff's civil rights.

32. It was the policy, practice and/or custom of defendants, City of Philadelphia, School District of Philadelphia, Paul Vallas, Arlene C. Ackerman, Darlene F. Vaughn,

Elissa Seigel, and Ms. Earl, to place all special needs children at the Allan M. Stearne Elementary School and/or other schools in a single special needs classroom irrespective of the children's ages, disabilities, and/or violent propensities.

33. It was the policy, practice and/or custom of defendants, City of Philadelphia, School District of Philadelphia, Paul Vallas, Arlene C. Ackerman, Darlene F. Vaughn, Elissa Seigel, and Ms. Earl, to place the special needs children at the Allan M. Stearne Elementary School and/or other schools in special needs classroom(s) staffed by teachers with inadequate education, training, experience and/or skills to meet the special education needs of their students and/or to keep order and prevent violence in the classroom.

34. It was the policy, practice and/or custom of defendants, City of Philadelphia, School District of Philadelphia, Paul Vallas, Arlene C. Ackerman, Darlene F. Vaughn, Elissa Seigel, and Ms. Earl, to provide insufficient numbers of teachers, teaching assistants, teacher's aides, and other school personnel in the special education classroom(s) at the Allan M. Stearne Elementary School and/or other schools.

35. At all relevant and material times hereto, there were about twenty-one (21) special education students in classroom 106, which was the only special education classroom at the Allan M. Stearne Elementary School.

36. At all relevant and material times hereto, Ms. Earl was the only school employee assigned to Room 106, which was the only special education classroom at the Allan M. Stearne Elementary School.

37. The acts and omissions of the Defendants, City of Philadelphia, School District of Philadelphia, Paul Vallas, Arlene C. Ackerman, Darlene F. Vaughn, Elissa Seigel, and Ms. Earl, constituted violations of plaintiff's civil rights and other actionable offenses.

38. As a result of the aforementioned acts and/or omissions of the defendants, their agents, servants, workers, and employees, plaintiff, Michael A. Ayala-Talbot, sustained multiple serious injuries, some or all of which may be permanent, including, but not limited to, facial contusions, migraine headaches, neurological injuries, and other injuries in and about his person, some or all of which have yet to manifest themselves or be diagnosed. All of the foregoing injuries have rendered plaintiff, sick, sore, lame, prostrate, disabled, disfigured and disordered and have forced him to suffer great mental anguish, embarrassment, humiliation, lost of enjoyment of life's pleasures, and physical and mental pain, all of which may continue for an indefinite time into the future.

39. As a result of the aforesaid acts and/or omissions of the defendants, their agents, servants, workers, and employees, plaintiff, Lourdes Talbot, has been obliged to expend and will continue to expend in the future large sums of money and/or incur debts and liens for medical care and treatment of the injuries sustained by plaintiff, Michael A. Ayala-Talbot, all to her great financial detriment and loss, which may continue for an indefinite time into the future.

40. As a result of the aforementioned acts and/or omissions of the defendants, their agents, servants, workers, and employees, plaintiff, Michael A. Ayala-Talbot, has been unable to follow his usual occupations and customary daily duties and other activities and has been caused to suffer a loss of earning capacity, all of which may continue for an indefinite time into the future to his great detriment and loss.

41. As a result of the aforementioned acts and/or omissions of the Defendants, City of Philadelphia, School District of Philadelphia, Paul Vallas, Arlene C. Ackerman, Darlene F. Vaughn, Elissa Seigel, and Ms. Earl, Plaintiff, Michael A. Ayala-Talbot, has been

deprived access to a free appropriate public education emphasizing his needs for special education and related services designed to meet his unique needs and to prepare him for employment and independent living.

42. As a result of the aforesaid acts and omissions of the Defendants, City of Philadelphia, School District of Philadelphia, Paul Vallas, Arlene C. Ackerman, Darlene F. Vaughn, Elissa Seigel, and Ms. Earl, their agents, servants, workers, and employees, Plaintiff, Michael A. Ayala-Talbot, has been deprived of his due process rights to liberty in his personal bodily and emotional integrity as protected by the Fifth and Fourteenth Amendments to the United States Constitution.

43. As a result of the aforesaid acts and/or omissions of the Defendants, City of Philadelphia, School District of Philadelphia, Paul Vallas, Arlene C. Ackerman, Darlene F. Vaughn, Elissa Seigel, and Ms. Earl, Plaintiff, Michael A. Ayala-Talbot, has been deprived of his right to a free appropriate public education as guaranteed by the Individuals With Disabilities Education Act (IDEA), 20 U.S.C. Sections 1400 et seq.

44. As a result of the aforesaid acts and/or omissions of the Defendants, City of Philadelphia, School District of Philadelphia, Paul Vallas, Arlene C. Ackerman, Darlene F. Vaughn, Elissa Seigel, and Ms. Earl, their agents, servants, workers, and employees, defendants discriminated against plaintiff and deprived him of the benefits he was entitled to receive through federal funding of the School District of Philadelphia and the Allan M. Stearne Elementary School, in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794, as amended.

45. As a result of the aforesaid acts and/or omissions of Defendants, City of Philadelphia, School District of Philadelphia, Paul Vallas, Arlene C. Ackerman, Darlene

F. Vaughn, Elissa Seigel, and Ms. Earl, their agents, servants, workers and employees, plaintiff, Michael A. Ayala-Talbot, was deprived of access to public education and the facilities and services of same, in violation of the Americans With Disabilities Act (ADA), 42 U.S.C. Sections 12131-12165 (1994).

46. As a result of the aforesaid acts and/or omissions of Defendants, City of Philadelphia, School District of Philadelphia, Paul Vallas, Arlene C. Ackerman, Darlene F. Vaughn, Elissa Seigel, and Ms. Earl, their agents, servants, workers and employees, plaintiff, Michael A. Ayala-Talbot, was deprived of his right to equal educational opportunities under the Pennsylvania Fair Educational Opportunities Act, 24 P.S. Section 5001 et seq.

### COUNT I
**PLAINTIFFS, MICHAEL A. AYALA-TALBOT, BY HIS MOTHER AND NATURAL GUARDIAN, LOURDES TALBOT, AND LOURDES TALBOT, IN HER OWN RIGHT V. DEFENDANTS, CITY OF PHILADELPHIA, SCHOOL DISTRICT OF PHILADELPHIA, PAUL VALLAS, ARLENE C. ACKERMAN, DARLENE F. VAUGHN, ELISSA SEIGEL, AND MS. EARL**
**FIFTH AND FOURTEENTH AMENDMENT AND STATUTORY CIVIL RIGHTS VIOLATIONS**

47. Plaintiffs hereby incorporate by reference all prior allegations the same as though set forth herein at length.

48. The aforesaid acts and/or omissions of Defendants, City of Philadelphia, School District of Philadelphia, Paul Vallas, Arlene C. Ackerman, Darlene F. Vaught, Elissa Seigel, and Ms. Earl, violated plaintiff, Michael A. Ayala-Talbot's right to due process, specifically his liberty interest in freedom from bodily and emotional harm, as follows:

(a) Depriving plaintiff of his due process rights by placing plaintiff in a classroom setting which they knew or, in the exercise of appropriate care and professional judgment, ought to have known created a substantial risk of serious bodily and emotional harm to plaintiff;

(b) Negligently, carelessly, recklessly, willfully, and wantonly failing to protect plaintiff from serious bodily and emotional harm inflicted by a third person while plaintiff was in defendant's custody;

(c) Acting with an evil motive or intent or with a reckless or callus indifference to plaintiff's federally protected rights;

(d) Unlawful oppression of plaintiff's rights;

(e) Violating plaintiff's civil rights;

(f) Failing to act appropriately to prevent injury to the plaintiff under the circumstances.

49. As the direct and proximate result of the aforesaid acts and/or omissions of said defendants and their agents, servants, workers, and employees, the plaintiffs suffered the injuries, harms and damages set forth in paragraphs 37-46 above, which are incorporated herein by reference.

WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally, in an amount in excess of $150,000.00, plus any punitive, treble, consequential and delay damages, attorney's fees and costs, and equitable and declaratory remedies to which they are entitled.

**COUNT II**
**PLANTIFF S, MICHAEL A. AYALA-TALBOT, BY HIS MOTHER AND NATURAL GUARDIAN, LOURDES TALBOT, AND LOURDES TALBOT, IN HER OWN RIGHT V. DEFENDANTS, CITY OF PHILADELPHIA, SCHOOL DISTRICT OF PHILADELPHIA, PAUL VALLAS, ARLENE C. ACKERMAN, DARLENE F. VAUGHN, ELISSA SEIGEL, AND MS. EARL**
**VIOLATION OF THE INDIVIDUALS WITH DISABILITIES ACT (IDEA)**

50. Plaintiffs hereby incorporate by reference all prior allegations the same as though set forth herein at length.

51. Defendants, City of Philadelphia, School District of Philadelphia, Paul Vallas, Arlene C. Ackerman, Darlene F. Vaught, Elissa Seigel, and Ms. Earl, their agents,

servants, workers, employees, by their aforesaid acts and/or omissions violated the rights of plaintiff, Michael A. Ayala-Talbot, under the Individuals With Disabilities Act (IDEA), 20 U.S.C. Sections 1400 et seq., by depriving plaintiff of a free appropriate public education.

52. As a direct and proximate result of said defendants' violation of plaintiff, Michael A. Ayala-Talbot's, rights under the IDEA, plaintiffs sustained the injuries, harms and damages described in paragraph 37-46 above, which are incorporated herein by reference.

WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally, in an amount in excess of $150,000.00, plus any punitive, treble, consequential and delay damages, attorney's fees and costs, and equitable and declaratory remedies to which they are entitled.

**COUNT III**
**PLAINTIFFS, MICHAEL A. AYALA-TALBOT, BY HIS MOTHER AND NATURAL GUARDIAN, LOURDES TALBOT, AND LOURDES TALBOT, IN HER OWN RIGHT V. DEFENDANTS, CITY OF PHILADELPHIA, SCHOOL DISTRICT OF PHILADELPHIA, PAUL VALLAS, ARLENE C. ACKERMAN, DARLENE F. VAUGHN, ELISSA SEIGEL, AND MS. EARL**
**VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973**

53. Plaintiffs hereby incorporate by reference all prior allegations the same as though set forth herein at length.

54. By their acts and/or omissions as aforesaid, Defendants, City of Philadelphia, School District of Philadelphia, Paul Vallas, Arlene C. Ackerman, Darlene F. Vaught, Elissa Seigel, and Ms. Earl, their agents, servants, workers, and employees, violated Plaintiff, Michael A. Ayala-Talbot's, rights under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794, by depriving him of the benefits of federal funding of the

School District of Philadelphia and the Allan M. Stearne Elementary School, thereby discriminating against him on the basis of his handicap.

55. As the direct and proximate result of said defendants' violation of Plaintiff, Michael A. Ayala-Talbot's, rights under Section 504 of the Rehabilitation Act of 1973, as aforesaid, plaintiffs sustained the injuries, harms and damages described in paragraphs 37-46 above, which are incorporated herein by reference.

WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally, in an amount in excess of $150,000.00, plus any punitive, treble, consequential and delay damages, attorney's fees and costs, and equitable and declaratory remedies to which they are entitled.

### COUNT IV
### PLAINTIFF S, MICHAEL A. AYALA-TALBOT, BY HIS MOTHER AND NATURAL GUARDIAN, LOURDES TALBOT, AND LOURDES TALBOT, IN HER OWN RIGHT V. DEFENDANTS, CITY OF PHILADELPHIA, SCHOOL DISTRICT OF PHILADELPHIA, PAUL VALLAS, ARLENE C. ACKERMAN, DARLENE F. VAUGHN, ELISSA SEIGEL, AND MS. EARL
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)

56. Plaintiffs hereby incorporate by reference all prior allegations the same as though set forth herein at length.

57. The aforesaid actions and/or omissions of Defendants, City of Philadelphia, School District of Philadelphia, Paul Vallas, Arlene C. Ackerman, Darlene F. Vaught, Elissa Seigel, and Ms. Earl, their agents, servants, workers, and employee, violated the right of plaintiff, Michael A. Ayala-Talbot, to accessibility to public education and the facilities and services thereof, in violation of the Americans With Disabilities Act (ADA), 42 U.S.C. Sections 12131-12165 (1994).

58. As a direct result of said defendants violation of the rights of plaintiff, Michael A. Ayala-Talbot, under the ADA, plaintiff suffered the injuries, harms and damages described in paragraphs 37-46 above, which are incorporated herein by reference.

WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally, in an amount in excess of $150,000.00, plus any punitive, treble, consequential and delay damages, attorney's fees and costs, and equitable and declaratory remedies to which they are entitled.

**COUNT V**
**PLAINTIFF S, MICHAEL A. AYALA-TALBOT, BY HIS MOTHER AND NATURAL GUARDIAN, LOURDES TALBOT, AND LOURDES TALBOT, IN HER OWN RIGHT V. DEFENDANTS, CITY OF PHILADELPHIA, SCHOOL DISTRICT OF PHILADELPHIA, PAUL VALLAS, ARLENE C. ACKERMAN, DARLENE F. VAUGHN, ELISSA SEIGEL, AND MS. EARL**
**VIOLATION OF THE PENNSYLVANIA FAIR EDUCATIONAL OPPORTUNITIES ACT**

59. Plaintiffs hereby incorporate by reference all prior allegations the same as though set forth herein at length.

60. The acts and/or omissions of Defendants, City of Philadelphia, School District of Philadelphia, Paul Vallas, Arlene C. Ackerman, Darlene F. Vaught, Elissa Seigel, and Ms. Earl, their agents, servants, workers, and employee, as aforesaid violated plaintiff's right to equal educational opportunities as established by the Pennsylvania Fair Educational Opportunities Act, 24 P.S. Section 5001 et seq.

61. As a direct and proximate result of said defendants' violation of plaintiff, Michael A. Ayala-Talbot's rights to equal educational opportunities as established by the Pennsylvania Fair Educational Opportunities Act, plaintiff sustained the injuries, harms and damages described in paragraphs 37-46 above, which are incorporated herein by reference.

WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally, in an amount in excess of $150,000.00, plus any punitive, treble, consequential and delay damages, attorney's fees and costs, and equitable and declaratory remedies to which they are entitled.

### COUNT VI
### PLAINTIFF S, MICHAEL A. AYALA-TALBOT, BY HIS MOTHER AND NATURAL GUARDIAN, LOURDES TALBOT, AND LOURDES TALBOT, IN HER OWN RIGHT V. DEFENDANTS, DAVAHNE DAVIS AND MARCUS JACKSON
### ASSAULT AND BATTERY AND HARRASSMENT

62. Plaintiffs hereby incorporate by reference all prior allegations the same as though set forth herein at length.

63. The acts of Defendants, Davahne Davis and Marcus Jackson, as aforesaid constituted assault and battery and harassment against Plaintiff, Michael A. Ayala-Talbot.

64. As a direct and proximate result of the wrongful acts of Defendants, Davahne Davis and Marcus Jackson, plaintiffs sustained the injuries, harms and damages described in paragraphs 37-46 above, which are incorporated herein by reference.

WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally, in an amount in excess of $150,000.00, plus any punitive, treble, consequential and delay damages, attorney's fees and costs, and equitable and declaratory remedies to which they are entitled.

### COUNT VII
### PLAINTIFF, MICHAEL A. AYALA-TALBOT V. ALL DEFENDANTS
### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

65. Plaintiffs hereby incorporate by reference all prior allegations the same as though set forth herein at length.

66. As stated herein, the act and/or omissions of the defendants, their agents, servants, workers, and employee, were negligently, carelessly, recklessly, intentionally, willfully and wantonly directed towards plaintiff, Michael A. Ayala-Talbot without any justification or cause.

67. Furthermore, the acts and/or omissions of the defendants, their agents, servants, workers, and employee, as more fully described above, were malicious, willful, wanton, outrageous in the extreme, intolerable in a civilized society and specifically calculated to cause injury to the plaintiff.

68. As a direct result of the acts and/or omissions of the defendants, their agents, servants, workers, and employees, the defendants' negligently and intentionally caused plaintiff, Michael A. Ayala-Talbot, to suffer physical injuries and emotional distress.

69. As a direct and proximate result of the defendants, their agents, servants, workers, and employees, plaintiff sustained physical injury and mental, psychological and emotional distress, embarrassment, anxiety and humiliation which is likely to continue in the future and for which he has/may undergo psychological/psychiatric therapy and treatment. Plaintiff has undergone and may undergo in the future great physical and mental pain and suffering.

70. As a direct and proximate result of the acts and/or omissions of the defendants, their agents, servants, workers, and employees, plaintiff, Michael A. Ayala-Talbot, suffered the injuries and harms described in paragraphs 37-46 above, which are incorporated herein by reference.

WHEREFORE, Plaintiff, Michael A. Ayala-Talbot, demands judgment against the Defendants, jointly and severally, in an amount in excess of $150,000.00, plus any

compensatory, punitive, treble, consequential and delay damages, attorney's fees and costs, and equitable and declaratory remedies to which he may be entitled.

Respectfully submitted,

_____
RANIA MAJOR-TRUNFIO, ESQUIRE
2915 North 5th Street
Philadelphia, PA 19133
(215) 291-5009
ATTY. ID 51298
ATTORNEY FOR PLAINTIFFS

## VERIFICATION

I, Rania Major-Trunfio, verify that I am the plaintiffs' attorney herein and that I am authorized to verify that the statements made in the attached pleading are true and correct to the best of my information, knowledge and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

Date: 12/1/08

RANIA MAJOR-TRUNFIO, ESQUIRE