IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOURDES TALBOT, in her own right and as p/n/g MICHAEL AYALA-TALBOT, a minor, Plaintiffs, | : : : : | CIVIL ACTION |
| v. | : : | |
| CITY OF PHILADELPHIA, ET AL. Defendants. | : : | NO. 2:08-cv-05588 |

O R D E R

AND NOW, this 4th day of May 2009, upon consideration of Defendant City of Philadelphia's Motion to Dismiss Plaintiffs' Claims for Negligent Infliction of Emotional Distress (Doc. No. 6), Plaintiffs' Response thereto (Doc. No. 10), and Defendant City of Philadelphia's Reply (Doc. No. 11), it is hereby ORDERED that Defendant City of Philadelphia's Motion to Dismiss is GRANTED.  Plaintiffs' claim for negligent infliction of emotional distress set forth in Count VII of the Complaint is DISMISSED as against Defendant City of Philadelphia.

Plaintiff Michael Ayala-Talbot and his parent Plaintiff Lourdes Talbot commenced this action on December 1, 2008.  During the relevant period, Plaintiff Michael Ayala-Talbot was enrolled as a special education student at the Allan M. Stearne Elementary School in the School District of Philadelphia.  (Compl. ¶¶ 15-17.)  Plaintiffs' claims are based on injuries that Plaintiff Michael Ayala-Talbot allegedly suffered after he was "repeatedly assaulted, battered, and verbally harassed" by two fellow special education students.  (Compl. ¶ 24.)  Plaintiffs set forth seven claims against Defendants City of Philadelphia, School District of Philadelphia, Paul Vallas, Arlene C. Ackerman, Darlene F. Vaughn, Elissa Seigel, Ms. Earl, Davahne Davis, and Marcus

Jackson. (Compl. ¶¶ 3-12.) Defendant City of Philadelphia moves to dismiss the claim for negligent infliction of emotional distress set forth in Count VII of Plaintiffs' Complaint.

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), we must accept as true all factual allegations set forth in the complaint. See Malia v. General Electric Co., 23 F.3d 828, 830 (3d Cir. 1994). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and a court "need not credit a complaint's 'bald assertions' or 'legal conclusions,'" Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (internal quotation marks omitted). In other words, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556) (ellipses in original). Therefore, a claim may be dismissed when the facts alleged and the reasonable inferences drawn therefrom are legally insufficient to support the relief sought. See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 179-80 (3d Cir. 1988).

Defendant City of Philadelphia argues that the claim for negligent infliction of emotional distress is barred by the Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. Ann. § 8541, et seq. The Political Subdivision Tort Claims Act provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. Cons. Stat. Ann. § 8541. However, immunity under the Act has been waived with respect to certain categories of claims including: (1) vehicle liability; (2) care, custody, or control of personal property; (3) real property; (4) trees, traffic

controls, and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody, and control of animals.  42 Pa. Cons. Stat. Ann. § 8542.  Plaintiffs argue that their claim falls within the real property exception of the Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. Ann. § 8542(b)(3).  Plaintiffs believe their claim falls within this exception because they allege that Defendant City of Philadelphia "fail[ed] to protect the minor plaintiff from 'serious bodily and emotional harm inflicted by a third person while plaintiff was in defendant's custody.'" (Pls.' Mem. Supp. Resp. Mot. Dismiss at 3.)  The real property exception, however, is "available for injuries caused by defects in property, not by the behavior of individuals on the property."  Doe v. Allentown Sch. Dist., No. 06-1926, 2007 WL 2814587, at *9 (E.D. Pa. Sept. 21, 2007) (citing Scott v. Willis, 543 A.2d 165, 168 (Pa. Commw. Ct. 1988)); see also Mascaro v. Youth Study Ctr., 523 A.2d 1118, 1124 (Pa. 1987) ("The real estate exception . . . has consistently been held to be unavailable to those whose claim of negligence consists of a failure to supervise the conduct of students or persons adequately.") (citations omitted).  Thus, Plaintiffs cannot avail themselves of the real property exception.

Plaintiffs also argue that granting Defendant City of Philadelphia immunity with regard to the negligent infliction of emotional distress claim would violate substantive due process by "unduly infring[ing] upon [Plaintiff Michael Ayala-Talbot's] property interest under Pennsylvania law in receiving a public education."  (Pls.' Mem. Supp. Resp. Mot. Dismiss at 3-4.)  While state law may create a property interest, such an interest is only protected by the substantive component of the Due Process Clause if it is "'fundamental' under the United States Constitution."  Nicholas v. Pa. State Univ., 227 F.3d 133, 140 (3d Cir. 2000).  Pennsylvania law does create a legitimate claim of entitlement to a public education.  Shuman ex rel. Shertzer v. Penn Manor Sch. Dist., 422

F.3d 141, 149 (3d Cir. 2005).  But the "Supreme Court has held that there is no fundamental right to a public education."  <u>Bowers v. Nat'l Collegiate Athletic Ass'n</u>, 475 F.3d 524, 553 (3d Cir. 2007) (citing <u>San Antonio Indep. Sch. Dist. v. Rodriguez</u>, 411 U.S. 1, 35 (1973)).  Accordingly, Plaintiffs' substantive due process argument fails to prevent the dismissal of their negligent infliction of emotional distress claim as against Defendant City of Philadelphia.

                BY THE COURT:

                /S/LEGROME D. DAVIS

                Legrome D. Davis, J